CARL EDWIN BARKER

*v.*

HON. FRED. L. FOX, II, *Judge*

CIRCUIT COURT, MARION COUNTY, *et al.*

(No. 13988)

Decided November 1, 1977.

*George H. Higinbotham, Higinbotham, Jones & Higinbotham,* for relator.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, *Pamela Dawn Tarr,* Assistant Attorney General, for respondents.

NEELY, JUSTICE:

Relator Carl Edwin Barker was indicted by the grand jury of Marion County during the March 1977 term of court for the crimes of breaking and entering and entering without breaking. Mr. Barker moved to quash these indictments in the Circuit Court of Marion County, arguing that the evidence presented to the grand jury was legally insufficient to support the indictments, because it consisted exclusively of hearsay testimony. For the purpose of this opinion we may assume that characterization to be accurate. The Circuit Court overruled the motion to quash. Mr. Barker then applied to this Court for a writ of prohibition which would prevent the respondents from prosecuting him under the challenged indictments. We find no grounds for relief.

This case presents a very important question of criminal procedure. Courts in West Virginia are continually urged to recognize objections to indictments based upon the nature of the evidence presented to the grand jury, even though the rule in West Virginia prevents courts from considering such objections or undertaking an inquiry into the nature of the evidence laid before the grand jury. This rule is stated succinctly in the case of *State v. Dailey,* 72 W. Va. 520, 79 S.E. 668 (1913):

> "The law of this state does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." 72 W. Va. at 520, 79 S.E. at 668.

Over the years this rule has withstood many challenges and was still basically intact as recently as 1975, when the Court in *State v. Slie,* ___ W. Va. ___, 213 S.E.2d 109

(1975) reaffirmed and adopted for its first syllabus point the following language from *State v. Riley*, 151 W. Va. 364, 151 S.E.2d 308 (1966):

> "A motion or prayer to quash an indictment contained in a plea in abatement with an allegation that no legal evidence was introduced before the grand jury is not good grounds for quashing an indictment."

Since the opinions in the recent cases, *Slie* and *Riley*, contain almost no discussion of the rule, it may reasonably be inferred that the Court considered the rule well-settled. It is necessary, therefore, to look to the earlier cases for a detailed explanation of the rule's underlying rationale. *State v. Dailey*, 72 W. Va. 520, 79 S.E. 668 (1913) contains a particularly good explanation:

> "[The grand jury] is the body entrusted with the power to say when a crime has been committed, and when a prosecution should be begun against the person whom the evidence before them leads them to believe is probably the guilty party. According to our judicial system they are the tribunal representing the people, for the purpose of charging crime and designating the criminal. The evidence that satisfies them that probable cause exists for the prosecution of a certain person for a designated crime, might not be enough to satisfy the court or a petit jury; and, to permit the court to inquire into the legality, or sufficiency, of the evidence on which the grand jury acted, would be to substitute, in a measure, the opinion of the court for that of the grand jury, and would ultimately lead to the destruction of the grand jury system. Such proceeding would also furnish opportunity for long and unnecessary delay in the trial of criminal cases, and would be a useless encumbrance upon criminal procedure. Because the matter can be inquired into as well upon the trial of the indictment as upon the plea in abatement; and if it is made to appear that the indictment was found either upon illegal evidence, or without any evidence, and the state produces no other evidence at the

trial than what was before the grand jury, the prisoner will be vindicated as fully by an acquittal as he would be by quashing the indictment. But the state is entitled to produce at the trial new and additional evidence of guilt. It may not have had all its evidence before the grand jury. But if the indictment is to be quashed for want of proper evidence before the grand jury, it would cut off this right." 72 W. Va. at 521-522, 79 S.E. at 669.

As the excerpt from *Dailey* makes clear, there are three primary reasons for this Court's rule proscribing inquiries into the legal sufficiency of evidence considered by grand juries. First, the grand jury serves as the voice of the community in calling forth suspected criminals to answer for their alleged misdeeds. This ancient function of the grand jury would be undermined by permitting the circuit court to review the legal sufficiency of the evidence placed before the grand jury. Secondly, such a review would produce unacceptable delays in criminal proceedings. Finally, in cases where the evidence against the accused is indeed insufficient, he can expect to be vindicated of the charges against him by acquittal at trial. While we recognize the many burdens of trial which an accused would want to avoid, we also recognize that a full pretrial review of the sufficiency of the evidence considered by the grand jury is not a significantly less burdensome procedure. Aside from these functional reasons for refusing to go behind indictments, there is the additional practical consideration that in many cases no record is made of the evidence adduced before the grand jury.

To inject yet one more opportunity to permit the wheels of justice to grind to a halt for lack of a transcript; to mandate yet one more set of hearings; and, to lay the foundation for the development of yet one more intricate set of procedures which are likely to permit the State to be impaled on technicalities which do not go to the integrity of the fact-finding process, appears unwarranted. While the Court recognizes that occasionally an

innocent man is required to stand trial because of poor grand jury procedure, in approaching this problem, as in everything else, a balancing test must be applied. When that balancing test is applied, we find the injury to the proper administration of justice very real and the potential injury to the accused primarily speculative.

We are aware of the considerable conflict among the jurisdictions concerning what type of evidence may properly be received by grand juries and what constitutes a legally sufficient basis for indictments. We are not persuaded, however, of the wisdom of changing West Virginia's rule at this time, and find the reasons for West Virginia's rule as compelling now as they were to our brethern who confronted this issue in the past. The only exception to this rule is that where the defendant can demonstrate willful, intentional fraud a defendant may of course complain. He must first, however, make a *prima facie* case before he is entitled to a full hearing with compulsory process.[1] Accordingly, the writ of prohibition prayed for by the relator is denied.

*Writ denied.*

---

[1] For the necessity of making out a *prima facie* case in a related grand jury context *see State ex rel. Whitman v. Fox,* ___ W. Va. ___, 236 S.E.2d 565 (1977) at 574-575.