513 S.E.2d 459

**STATE of West Virginia, Appellant,**

v.

**Lawrence DUNCAN and Duncan Welding, Inc., Appellees.**

No. 24485.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 15, 1998.

Decided Nov. 18, 1998.

**412**

William C. Forbes, Esq., Prosecuting Attorney, Mary Beth Kershner, Esq., Assistant Prosecuting Attorney, Charleston, West Virginia, Attorneys for Appellant.

Timothy A. Bradford, Esq., Zoe Shavers, Esq., Assistant Public Defenders, Charleston, West Virginia, Attorneys for Appellee Lawrence Duncan.

PER CURIAM:

The State of West Virginia ("State") appeals[1] an April 23, 1997 order of the Circuit Court of Kanawha County that dismissed indictments against the appellees, Lawrence Duncan and Duncan Welding, Inc. The circuit court dismissed the indictments after the court determined (1) that some of the victims identified in the indictments were not protected by the statutes cited within the indictments; and (2) that the inclusion of improper victims may have prejudicially influenced the grand jury.

We find that the circuit court erred and we remand this matter to the circuit court with instructions.

## I.

In the early 1990's, Carlton, Inc. ("Carlton") was awarded a contract in the construction of the Mount Olive Correctional Facility. In Carlton's bid for the steel security doors portion of the project, Carlton included the bid of a sub-contractor, appellee Duncan Welding, Inc., in the amount of $1,900,000.00.

The State alleges that Carlton paid $1,900,000.00 to the appellees to install the steel doors. The State further alleges that the steel doors failed to work properly and did not meet the specifications set forth in the construction bids. Altogether Carlton, Inc., paid the appellees a total of $3,000,000.00 for work on the Mount Olive construction project.

A special investigation was conducted by the Commission on Special Investigations, an arm of the West Virginia Legislature.[2] This investigation resulted in the Kanawha County prosecutor obtaining indictments against the appellees.

The indictments charged both appellees with violating (1) *W.Va.Code*, 5A–3–30 (1990), which prohibits obtaining money and property by false pretenses or fraud in the context of a contractual relation with the State;[3] and (2) *W.Va.Code*, 61–3–24 (1994), which prohibits obtaining money, property or services from another under false pretenses.[4]

The grand jury returned a single two-count indictment against each appellee, charging each with violating *W.Va.Code*, 5A–

1. The State appeals pursuant to *W.Va.Code*, 58–5–30 (1923) which permits the State to appeal the dismissal of an indictment.

2. *W.Va.Code*, 4–5–1 (1989).

3. *W.Va.Code*, 5A–3–30 (1990) provides in part:
   It shall be unlawful for any person to obtain from the state under any contract made under the provisions of this article, by false pretense, token or representation, or by delivery of inferior commodities, with intent to defraud, any money, goods or other property, and upon violation thereof, such person shall be guilty of a felony....

4. *W.Va.Code*, 61–3–24(a) (1994), provides in part;

(a)(1) If a person obtains from another by any false pretense, token or representation, with the intent to defraud, any money, goods or other property which may be the subject of larceny; or
(2) If a person obtains on credit from another any money, goods or other property which may be the subject of larceny, by representing that there is money due him or her or to become due him or her, and assigns the claim for goods or other property, and afterwards collects the money due or to become due, without the consent of the assignee, and with the intent to defraud;
(3) Such person is guilty of larceny....

3–30 (1990) and *W.Va.Code,* 61–3–24 (1994), and naming both the State and Carlton as victims in both counts of both indictments.

After the indictments were obtained, Lawrence Duncan filed a motion to dismiss the indictments. Mr. Duncan contended that the indictments were fatally flawed because *W.Va.Code,* 5A–3–30 (1990) only penalizes criminal fraud committed directly against the State, and because *W.Va.Code,* 61–3–24 (1994) only penalizes criminal fraud committed against parties other than the State. Duncan further argued that since both the State and Carlton were listed as victims under both statutes in the indictments, the grand jury was thereby prejudiced.

The circuit court agreed and dismissed the indictments against both of the appellees. This appeal by the State of the dismissal followed.

### II.

■ We have established a test to determine whether an indictment is fatally flawed:

"Dismissal of [an] indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict' or if there is 'grave doubt' that the decision to indict was free from substantial influence of such violations." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 261–62, 108 S.Ct. 2369, 2377, 101 L.Ed.2d 228, 238 (1988) (citing *United States v. Mechanik,* 475 U.S. 66,78, 106 S.Ct. 938, 945, 89 L.Ed.2d 50 (1986) (O'Conner, J., concurring)).

Syllabus Point 6 of *State ex rel. Pinson v. Maynard,* 181 W.Va. 662, 383 S.E.2d 844 (1989).

■ The appellees were charged with violating *W.Va.Code,* 61–3–24 (1994), a criminal statute stating that it is a crime to fraudulently or by false pretenses obtain money, property, or services from another. Both Carlton and the State were listed as victims in the indictment. While this statute does

not specifically provide for the State being a potential victim, neither does the statute preclude the State from being a member of the group which the Legislature sought to protect with this statute.

Therefore, charging both defendants with a violation of *W.Va.Code,* 61–3–24 (1994) was not improper and the circuit court erred in dismissing the indictments on this ground.[5]

■ Additionally, both appellees were charged with violating *W.Va.Code,* 5A–3–30 (1990), a statute stating that it is a crime when a party involved in a contract with the State defrauds the State. We agree with the appellees that the State is the only intended victim in *W.Va.Code,* 5A–3–30 (1990). Nevertheless, Carlton was improperly listed as a victim, along with the State, in the indictments charging a violation of *W.Va.Code,* 5A–3–30 (1990).

The circuit court was correct in holding that the State listed an improper or non-essential victim in charging the appellees with a violation of *W.Va.Code,* 5A–3–30 (1990). The issue, then, is whether this erroneous listing rendered the indictments sufficiently flawed to warrant their dismissal on this ground.

This Court addressed the issue of naming an improper victim in an indictment in *State v. Adams,* 193 W.Va. 277, 456 S.E.2d 4 (1995). In *Adams* the defendant was convicted of concealing stolen property, and transferring stolen property. The defendant appealed the conviction, arguing that the indictment was fatally flawed. The defendant argued that the listing of the wrong victim in one count of the indictment, an error corrected by an amendment on the morning of trial, was a fatal flaw to the indictment.

In *Adams,* this Court applied Rule 7(e) of the *West Virginia Rules of Criminal Procedure,* which allows for the amendment of an information.[6] We held that Rule 7(e) was

---

**5.** Were we to follow the reasoning of the circuit court, if a party not involved with a contract with the State committed criminal fraud against the State, the party could not be charged with a crime. We do not believe that the Legislature intended to allow a party who defrauds the State

to go unpunished simply because there was no contract with the State when the fraud occurred.

**6.** Rule 7(e) states:

*Amendment of information.*—The court may permit an information to be amended at any

applicable to an indictment as well as to an information. We also established a "form/substance" test to determine whether the altering of an indictment may have prejudiced a defendant. We stated:

> To the extent that *State v. McGraw*, 140 W.Va. 547, 85 S.E.2d 849 (1955), stands for the proposition that 'any' change to an indictment, whether it be form or substance, requires resubmission to the grand jury for its approval, it is hereby expressly modified. An indictment may be amended by the circuit court, provided the amendment is not substantial, is sufficiently definite and certain, does not take the defendant by surprise, and any evidence the defendant had before the amendment is equally available after the amendment.

Syllabus Point 2, *State v. Adams*, 193 W.Va. 277, 456 S.E.2d 4 (1995).

This Court further held in *Adams* that the changing of a victim's name in an indictment prior to trial generally is "largely inconsequential," and that in such situations "the notice and double jeopardy functions of the grand jury are not undermined." However, if the "proposed change in the victim's identity really does change the events relied upon to constitute the charge, a new charge ... occurs," and the matter must be resubmitted to the grand jury. 193 W.Va. at 282, 456 S.E.2d at 9–10. Any substantial amendment, direct or indirect, of an indictment must be resubmitted to the grand jury. On the other hand, "[a]n 'amendment of form' which does not require resubmission of an indictment to the grand jury occurs when the defendant is not misled in any sense, is not subjected to any added burden of proof, and is not otherwise prejudiced." *Id.*, Syllabus Point 3 (in part).

The *Adams* reasoning was followed in *State v. Johnson*, 197 W.Va. 575, 476 S.E.2d 522 (1996). In *Johnson* the defendant had been indicted for third offense DUI. Before trial the circuit court determined that evidence of the first two DUI charges could not be introduced into evidence. The court offered to "correct" the indictment by changing the charge from third offense DUI to first offense DUI; however, this was not done because of defense counsel's objections.

After the defendant was found guilty of a first offense DUI, the defendant appealed, claiming that the variance between the indictment and the evidence offered at trial rendered the indictment invalid. We stated in *Johnson* that the "variance between the indictment and proof at trial [does] not constitute an unconstitutional amendment to the indictment because the proof at trial merely narrowed the basis for conviction and did not broaden the basis beyond what was in the indictment." *Johnson* at 580, 476 S.E.2d at 525.

▮ Under *Johnson*, the naming of an improper or non-essential victim in the indictments in the instant case might be considered harmless surplusage. However, the better approach lies within *Adams*. The circuit court in the instant case should have permitted the State to amend the indictments pursuant to *W.Va.R.Cr.P.* Rule 7(e) and *Adams*. The defendants would not have been misled concerning the events which resulted in the charges; the defendants would not have been subject to any additional burden of proof; and the defendants would not have been prejudiced by a difference between the indictments and the proof sought to be introduced at trial.[7]

### III.

In conclusion, we find that the circuit court erred in dismissing the indictments obtained against Lawrence Duncan and Duncan Welding, Inc., and we remand this matter to the circuit court to reinstate the indictments

---

time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

**7.** We also find that the circuit court was purely speculating in finding that the inclusion of Carlton as an improper or non-essential victim in the indictments charging a violation of *W.Va.Code*, 5A–3–30 (1990) prejudiced the grand jury.

This Court has stated that:
> [e]xcept for willful fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency.

Syllabus, *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235 (1977).

charging violations of *W.Va.Code*, 61–3–24(a), and to permit amendment of the indictments charging violations of *W.Va.Code*, 5A–3–30, to remove Carlton as a victim.

Reversed and Remanded.