# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 14-1298** (Fayette County 14-F-12)

**Terrance A. Booker, Defendant Below,**
**Petitioner**

**FILED**

November 23, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Terrance A. Booker, by counsel James Adkins, appeals the Circuit Court of Fayette County's November 21, 2014, order sentencing him to one to five years of incarceration following his conviction of third-offense domestic battery. The State, by counsel David A. Stackpole, filed its response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying his motion to dismiss the indictment and that the State committed prosecutorial misconduct below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, petitioner was in a relationship with Lisa H.[1] when he struck Ms. H. with a laptop computer and his hands. Charges were filed, but at a later magistrate court hearing, Ms. H. recanted her story and signed an affidavit stating petitioner did not throw a laptop at her. Ms. H. told the magistrate she did not wish to prosecute petitioner at that time. Then, in October of 2013, petitioner and Ms. H. got into an argument over a stereo that Ms. H. owned and sold to petitioner's ex-wife. Petitioner became angry and started yelling, before striking Ms. H. with a full can of soda and a television stand. He also threatened to throw a skillet of hot grease on Ms. H. Ms. H. was injured during the altercation and also indicated she was so scared that she lost control of her bladder. Petitioner grabbed Ms. H. by the hair and dragged her to the shower. At that point, Ms. H. was bleeding. Petitioner obtained a mop and struck Ms. H. with it several times, causing the handle to break. Eventually, the police were alerted to the situation in the home. A law enforcement officer, Deputy Neal, arrived on the scene and spoke with Ms. H. about petitioner's attack and also photographed her injuries. The following day, a law enforcement officer in charge of domestic violence, Deputy Stephens, met Ms. H. and took her statement. This officer also observed Ms. H.'s injuries.

---

[1]In keeping with this Court's policy of protecting the identity of victims of domestic violence, we refer to the victim in this matter by her last initial throughout the memorandum decision.

Ms. H. thereafter filed for a domestic violence protective order, although she continued to accept petitioner's calls from jail, provided him some money toward bond, and even met him upon his release. At a family court hearing that same month, Ms. H. stated she did not want to pursue the matter because petitioner accidentally hit her with the television stand. She further indicated that another of her injuries was caused by a dog bite. As such, the family court dismissed the petition.

In January of 2014, a grand jury convened regarding potential criminal charges against petitioner. Deputy Stephens testified that, at the time of the domestic violence incidents, petitioner and Ms. H. lived together and were in a relationship. She then testified that two separate incidents of violence occurred in the home. The first was on April 25, 2013, when petitioner struck Ms. H. with a laptop and his hands. She further testified regarding the second incident on October 24, 2013, when petitioner struck Ms. H. in the head, face, hands, and shoulders, and pulled her hair. Deputy Stephens testified that she personally observed physical marks on Ms. H. that were the result of this altercation. Petitioner was then indicted on two counts of third or subsequent offense domestic battery stemming from these incidents.

In February of 2014, the circuit court entered an agreed order for production of grand jury transcripts and, after determining that prior statements from the family court proceedings may be relevant, entered an agreed order unsealing the relevant family court records. In April of 2014, petitioner filed a motion to dismiss the indictment. One of petitioner's exhibits was a September 10, 2013, affidavit from Ms. H., wherein she stated that she did not wish to proceed or cooperate with the State in prosecuting the case. Ms. H.'s affidavit further alleged that she gave Deputy Stephens false information and that the injuries were inflicted by another individual, but that she gave law enforcement petitioner's name because she was mad at him. Another exhibit indicated that Ms. H. blamed her Parkinson's medication for the confusion.

The circuit court held a pretrial motions hearing in May of 2014, which included arguments on petitioner's motion to dismiss the indictment. The circuit court ruled that Ms. H.'s recantations were an impeachment issue for cross-examination at trial. Petitioner argued, however, that the issue related more to the information presented to the grand jury. When the circuit court clarified that petitioner was alleging perjury before the grand jury, petitioner stated that it was a matter of omission. Ultimately, the circuit court denied the motion and ruled that the matter would be a question of fact for the jury.

In October of 2014, the State filed its expert witness disclosure and named Twanna Warner Burton of the Women's Resource Center as its only expert. According to the State, Ms. Burton's experience working with victims of domestic violence served as a basis for testimony regarding recantations by such victims. Petitioner then filed a motion in limine to exclude Ms. Burton. After holding a hearing on petitioner's motion, the circuit court limited Ms. Burton's testimony to her experience regarding domestic violence victims who recanted their story, as well as to any personal involvement with Ms. H.

In October of 2014, and after dismissing one count of the indictment, the circuit court held a jury trial on the remaining count of domestic battery that occurred on October 24, 2013.

The trial court further bifurcated the matter so the jury did not hear evidence regarding the predicate offenses that made the crime a third-offense domestic battery charge. At trial, Ms. H. testified that she recanted her story because she cared for petitioner and thought he would change. She also testified that petitioner hit her with a can of soda, threatened to throw hot grease on her, hit her with a television stand, dragged her to the shower, and hit her with a mop handle until it broke. Ms. Burton also testified concerning her expertise with regard to domestic violence. She also testified to her personal interaction with Ms. H., and that she believed Ms. H. was scared of petitioner. Petitioner objected to Ms. Burton testifying to Ms. H.'s feelings, and the circuit court sustained the objection. Ms. Burton also testified that Ms. H.'s behavior was consistent with her experience and observation of what she has seen in other victims, including other victims who feared their abusers. Ultimately, the jury convicted petitioner of one count of misdemeanor domestic battery.

In November of 2014, the circuit court held a pretrial motions hearing regarding the predicate offenses. Petitioner stipulated to the prior convictions and waived his right to a jury trial on this issue. The circuit court then sentenced petitioner to a term of incarceration of one to five years for his conviction of third-offense domestic battery. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> This Court's standard of review concerning a motion to dismiss an indictment is, generally, *de novo*. However, in addition to the *de novo* standard, where the circuit court conducts an evidentiary hearing upon the motion, this Court's "clearly erroneous" standard of review is invoked concerning the circuit court's findings of fact.

Syl. Pt. 1, *State v. Grimes*, 226 W.Va. 411, 701 S.E.2d 449 (2009). Upon our review, the Court finds no error in the circuit court denying petitioner's motion to dismiss the indictment. On appeal, petitioner argues that the grand jury was presented with misleading testimony in the form of the omission of the victim's recantation of the events for which he was indicted. The Court, however, does not agree. Specifically, petitioner argues that the victim's "last official statement prior to the . . . [g]rand [jury]" came in the form of sworn testimony before the family court, wherein she recanted that the domestic battery occurred. However, petitioner's argument on this matter ignores the fact that, at the time the grand jury convened, the State had no knowledge of the victim's statements in the family court. The grand jury indicted petitioner in January of 2014, but the State was not made aware of what transpired in the sealed family court proceedings until the circuit court entered an order in February of 2014, in which it unsealed the relevant family court records.

On appeal, petitioner makes no argument that the State was aware of the victim's recantation in the family court at the time the grand jury convened. To the contrary, the record clearly shows that it was not until after the grand jury returned an indictment against petitioner that the family court records became available. We have previously held that "'[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its

3

legality or its sufficiency.' Syl., *Barker v. Fox*, 160 W.Va. 749, 238 S.E.2d 235 (1977)." *Grimes*, 226 W.Va. at 413, 701 S.E.2d at 451, syl. pt. 3. Because the State was not in possession of the evidence petitioner complains was omitted from presentation to the grand jury, we find no error in the circuit court denying petitioner's motion to dismiss the indictment on these grounds.

Next, the Court finds no prosecutorial misconduct below. On appeal, petitioner alleges that the State committed prosecutorial misconduct when it elicited a response from Ms. Burton that the victim, Ms. H., was scared of petitioner. According to petitioner, this statement constituted prosecutorial misconduct because at no point in the trial did Ms. H. testify that she was scared of petitioner. However, the record is clear that Ms. H. did testify to her fear of petitioner. In fact, Ms. H. testified that, during their altercation, she was so afraid of petitioner that she lost control of her bladder. Further, petitioner alleges that the State improperly elicited this response from Ms. Burton in an "attempt[] to tip the battle of credibility in its favor[.]" Upon our review, however, the Court finds this argument to be without merit. Specifically, the statement from Ms. Burton of which petitioner complains was given in response to the State asking her to "describe . . . the problems you had or encountered in working with [the victim]." Clearly the State was entitled to ask such a question and had no control over Ms. Burton's response thereto.

Importantly, the circuit court sustained petitioner's objection to Ms. Burton's response on the grounds that it constituted hearsay and an improper characterization of the victim's feelings. We have previously held that "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955). On appeal, we find no error in the circuit court sustaining petitioner's objection to this testimony, and further note that petitioner again misstates the record when he alleges that the circuit court offered no curative instruction on this issue. In instructing the jury before deliberation, the circuit court clearly stated that the jury was to "completely disregard all questions . . . to which any objections were sustained[.]" As such, it is clear that the circuit court instructed the jury to disregard the testimony from Ms. Burton about which petitioner complains. For these reasons, we find no prosecutorial misconduct below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 21, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II