# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-0088** (Kanawha County 15-F-635; 15-F-119)

**Henry W. J.,**
**Defendant Below, Petitioner**

**FILED**

**January 27, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Henry W. J., by counsel C. Joan Parker, appeals his convictions for the offenses of sexual assault and sexual abuse. Respondent State of West Virginia, by counsel Gordon L. Mowen, II, filed a response. Petitioner submitted a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, petitioner was indicted by a Kanawha County Grand Jury in a fourteen count indictment alleging three counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3(c); five counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust in violation of West Virginia Code § 61-8D-5; two counts of sexual abuse in the first degree in violation of West Virginia Code § 61-8B-7(c); and four counts of unlawful possession or distribution of material portraying a minor engaged in sexually explicit conduct in violation of West Virginia Code § 61-8C-3. The sexual assault and abuse counts stem from several incidents that occurred between petitioner and an eight-year old child, K.D. ("the victim.")[1] The unlawful possession counts stem from sexually explicit photographs of other children found on petitioner's computer. The offenses were discovered when the victim's cousin found the victim looking at explicit pictures on petitioner's computer. She inquired of the victim, and the victim disclosed that petitioner was sexually abusing her.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

Ms. Maureen Runyon, a forensic interviewer with the Child Advocacy Center at Women and Children's Hospital conducted a forensic interview of the victim. During the interview, the victim disclosed that petitioner touched her with his finger, a vibrator, and his penis; that he performed oral sex upon her, and forced her to perform oral sex upon him. Law enforcement recovered and seized petitioner's computer, and found several pictures depicting juveniles in graphic sexual positions.

At trial, the victim testified that she was eight years old and in the third grade when petitioner began abusing her. The victim testified that petitioner forced her to perform oral sex upon him, rubbed his penis on her vagina, touched her vagina with his fingers, and touched her with a vibrator. The victim testified that petitioner told her that he would kill her if she told anyone. The State also introduced evidence from Dr. Istafon, a pediatrician who specializes in child abuse and neglect. Dr. Istafon testified that he examined the victim and that she had a very deep tear in her hymen that was so severe that it is referred to as a "transection." Dr. Istafon testified further that this injury could not have been done by K.D. to herself. The State also introduced evidence regarding the graphic photographs found on petitioner's computer. At the close of the State's evidence, upon the motion of petitioner's counsel, the photographs were excluded and counts eleven through fourteen of the indictment were dismissed.[2]

Petitioner testified on his own behalf. Petitioner denied any wrongdoing, and claimed that the victim's family forced the victim to fabricate the claims. Petitioner's counsel argued in closing argument that the victim was embarrassed to be found looking at pornography, and so made up the story to get out of trouble.

Before the jury deliberated, petitioner's counsel requested that the trial court give a curative instruction regarding the admissibility of the excluded photographs. The trial court agreed, and the parties conferred and agreed upon the following instruction:

> For reasons not important to your deliberations, I have dismissed counts 11 through 14 dealing with the child pornography. In considering your verdict on the remaining counts, you should not consider the dismissal of counts 11 through 14 or the evidence, including the pictures, submitted in connection with those counts for any purpose.

Following jury deliberations, petitioner was convicted of two counts of first degree sexual assault; four counts of sexual abuse by a parent, guardian, custodian, or person in position

---

[2]Counts eleven through fourteen of the indictment were dismissed because the State failed to preserve potentially exculpatory evidence, in the form of an "extraction report" from petitioner's computer. The State's expert, Roger Mosely, testified that he collected the materials from petitioner's computer, but did not save or document any information regarding when the items were downloaded, or the browser history. After hearing the arguments of counsel, the trial court found that the unsaved information could have been exculpatory and dismissed those counts, and excluded the photographs from evidence.

of trust; and two counts of first degree sexual abuse. Petitioner's trial counsel filed a post-trial motion seeking acquittal, based upon false and misleading testimony presented to the grand jury; the State's failure to provide an extraction report, which led to the presentation of highly prejudicial evidence to the jury; and insufficient evidence to convict. The trial court denied petitioner's motion on December 30, 2015, and sentenced petitioner to two terms of twenty-five to one hundred years in the penitentiary for his convictions of first degree sexual assault; four terms of ten to twenty years in the penitentiary, for his convictions of sexual abuse by a custodian; and two terms of five to twenty-five years in the penitentiary for his convictions of first degree sexual abuse. Petitioner's sentences are to be served consecutively. Petitioner now appeals his convictions from the Circuit Court of Kanawha County.

Petitioner raises several grounds on appeal. Since the alleged errors concern different principles of law, the applicable standards of review will be incorporated into the discussion of each issue. We note, however, that "'[a] reviewing court should not reverse a criminal case on the facts which have been passed upon the jury, unless the court can say that there is no reasonable doubt of guilt and that the verdict must have been the result of misapprehension, or passion and prejudice.'" Syl. Pt. 1, *State v. Easton*, 203 W. Va. 631, 510 S.E.2d 465 (1998) (internal citations omitted).

Petitioner first asserts that Deputy Boner[3] presented false and misleading testimony to the grand jury, and that the State failed to correct the false and misleading testimony. Petitioner asserts that Deputy Boner misled the grand jury when he testified that petitioner was alone in the house with K.D. when the abuse occurred. Petitioner asserts that there is evidence that there were other children present in the home when the incidents took place, and asserts that this fact is exculpatory as no other children complained that petitioner abused them. Petitioner also asserts that Deputy Boner testified that the victim was penetrated by petitioner's penis. Petitioner asserts that the victim never stated that this occurred. Petitioner argues that this false testimony tainted the grand jury, and claims that as a consequence, the indictment in this matter should be dismissed.

> Criminal defendants have frequently sought to challenge the validity of grand jury indictments on the ground that they are not supported by adequate or competent evidence. This contention, however, often runs counter to the function of the grand jury, which is not to determine the truth of the charges against the defendant, but to determine whether there is sufficient probable cause to require the defendant to stand trial.

*State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 665, 383 S.E.2d 844, 847 (1989) (internal citations omitted). Further, "[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syllabus, *Barker v. Fox*, 160 W. Va. 749, 238 S.E.2d 235 (1977). In addition, "[t]he law of this state does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its

---

[3]Deputy C.A. Boner of the Kanawha County Sheriff's Department was the investigating officer and testified before the grand jury.

legality or its sufficiency. *Id.* at 749, 750, 238 S.E.2d at 236.

Petitioner first complains that Deputy Boner improperly testified that the victim was home alone with petitioner at the time of the abuse. The relevant testimony is as follows:

Grand Juror: Was he the only one in the house at the time? No grandmother?

The witness: No sir. It was at the mother's residence. She lived with – he lived in their basement and that's how he become their – that's how he babysitted (sic) her while she went to school, because he stayed, because he stayed with them as a grandparent, babysitter type deal.

It is clear from the officer's answer that he was indicating that petitioner was not the only adult living in the home at the time, and that this answer does not affirmatively respond that petitioner was the only adult home at the time of the alleged assaults. Accordingly, petitioner does not establish that the statement given by the officer was either untrue, or the subject of willful and intentional fraud.

Petitioner also complains that Deputy Boner testified to the grand jury that the victim stated that petitioner penetrated her female sex organ with his penis. The record reflects that before the October Grand jury, Deputy Boner testified to that effect. We note that while there is ample evidence that petitioner penetrated the victim's female sex organ with his fingers and a vibrator, the victim denied that petitioner penetrated her with his penis. However, petitioner was not indicted on any charges that require proof of penetration with petitioner's penis. In addition, petitioner fails to show that Deputy Boner's testimony was the result of willful and intentional fraud. As a result, we find that petitioner's argument has no merit and we decline to reverse the jury's convictions on that ground.

Petitioner next asserts that the trial court "fail[ed] to protect petitioner's right to a fair trial before an unbiased jury." Petitioner complains that an exhibit that contained graphic photographs, shown to the jury in the course of the State's case in chief, improperly biased the jury against him. Petitioner asserts that while the photographs were ultimately deemed inadmissible and stricken from the record, and a curative instruction given, a "stronger" jury instruction should have been given to the jurors. Petitioner also complains that the jurors should have been given a copy of this instruction for reference during their deliberations.

The State argues, and we agree, that petitioner waived any error regarding this instruction to the jury. The record reflects that after conferring with the parties, the trial court read the proposed jury instruction aloud. The trial court then inquired, "Okay, is that good for everybody." To which petitioner's counsel replied, "Yes. It would be even better if you could read that three times." We have held,

"[t]o preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace."

4

*State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996). It is clear from the record herein that petitioner's counsel did not object to the instruction, and, in fact, pronounced that the revised instruction was "good." Accordingly, we find no merit to this assignment of error.

Petitioner also asserts that the evidence at trial was insufficient to sustain the convictions returned against him[4]. Petitioner argues that the medical evidence presented by Dr. Istafon did not support the victim's testimony, and that there is insufficient evidence to prove that petitioner penetrated the victim's female sex organ, or caused her injury. After reviewing the record, we find that the evidence presented at trial was sufficient to support petitioner's convictions.

We have held that,

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W. Va. 281, 470 S.E.2d 413 (1996). Further,

> "'The jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey,* 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syllabus Point 2, *State v. Martin,* 224 W.Va. 577, 687 S.E.2d 360 (2009).

Syl. Pt. 8, *State v. McGilton*, 229 W. Va. 554, 729 S.E.2d 876 (2012).

We note that petitioner does not specify which conviction he is challenging. Petitioner was charged with multiple sexual offenses, each requiring proof of different facts. A review of the relevant elements of the offenses to which petitioner was convicted reveals that there was more than sufficient evidence to sustain all of the convictions against petitioner. Despite petitioner's complaints that there is insufficient evidence of penetration, the State was not

---

[4]Petitioner does not specify which conviction he is challenging.

required to prove penetration of the victim's female sex organ in order to obtain a conviction against petitioner on any of the allegations.[5]

Furthermore, the testimony of the victim, that petitioner rubbed his penis on her female sex organ, and touched her female sex organ with a vibrator, and forced her to [perform oral sex] on him, is credible, relevant testimony. This testimony is bolstered by the physical evidence of injury introduced by Dr. Istafon, who testified that the victim's hymen was transected, and that the victim could not have inflicted this injury upon herself.

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. McFarland*, 228 W. Va. 492, 721 S.E.2d 62 (2011). Viewed in the light most favorable to the prosecution there is more than sufficient evidence to sustain the convictions against petitioner. Accordingly, we decline to reverse petitioner's convictions on this ground.

Finally, petitioner asserts that the trial court should have granted his post-trial motion to dismiss due to the above-referenced errors. Petitioner provides no argument regarding this assignment of error, but claims that petitioner was denied fair treatment. As we find no error, we find this argument to be without merit. Further, petitioner does not specifically cite the post-trial motion to dismiss, or any authority to support his assertion. "A skeletal 'argument', really nothing more than an assertion, does not preserve a claim.... Judges are not like pigs, hunting for truffles buried in briefs." *State, Dep't of Health & Human Res., Child Advocate Office on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 27, 2017

---

[5]Counts one through ten of the indictment allege that petitioner unlawfully and feloniously engaged in an act of sexual intercourse to wit: (1) contact between the male sex organ of [petitioner] and the mouth of the victim (counts 1-2); (2) contact between petitioner's finger and the victim's female sex organ (counts 3-4); (3) contact between a "vibrator" and petitioner's hand and the victim's female sex organ (counts 5-6); and (4) contact between the male sex organ of petitioner and the female sex organ of the victim, (counts 7-8).

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker