# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Clarke Patterson,**
**Petitioner Below, Petitioner**

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 17-0336** (Clay County 16-P-7)

**Ralph Terry, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clarke Patterson, by counsel Jeffrey A. Davis, appeals the March 14, 2017, order of the Circuit Court of Clay County denying his petition for writ of habeas corpus. Respondent Ralph Terry,[1] Superintendent, Mt. Olive Correctional Complex, by counsel Robert L. Hogan, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying him habeas relief because his Fourth Amendment rights were violated by an illegal search and seizure, his conviction violated the prohibition against double jeopardy, and the trial court made prejudicial statements to the jury.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in July of 2014, petitioner was convicted of one count of use of obscene matter with the intent to seduce a minor and one count of sexual abuse by a parent, guardian, custodian, or person in position of trust. These charges stemmed from two instances in which petitioner made sexual advances toward a thirteen-year-old girl living in the home. In December of 2014, the circuit court sentenced petitioner to five years of incarceration for his conviction of the use of obscene matter with the intent to seduce a minor and not less than ten nor more than twenty years for sexual abuse by a parent, guardian, custodian, or person in position of trust. Petitioner filed a direct appeal and this Court affirmed his conviction by

---

[1]Effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3. Moreover, petitioner originally listed David Ballard as respondent in this action. Mr. Ballard is no longer the superintendent at Mt. Olive Correctional Complex. Accordingly, the appropriate public officer has been substituted pursuant to Rule 41 of the Rules of Appellate Procedure.

1

memorandum decision. *See State v. Patterson*, No. 15-0110, 2016 WL 1417819 (W.Va. April 8, 2016)(memorandum decision).

Petitioner's counsel filed a petition for writ of habeas corpus in the circuit court on May 13, 2016. During a status hearing in October of 2016, petitioner appeared, with counsel, and waived an omnibus evidentiary hearing, electing instead for the circuit court to decide the matter on the filings and record presented. Of relevance to the instant appeal, petitioner argued that his Fourth Amendment rights were violated due to an illegal search and seizure of his cell phone, that his Fifth Amendment rights were violated because his multiple convictions for a single act constitute double jeopardy, and that his due process and equal protection rights were violated by prejudicial and biased statements made by the trial court to the jury.

Thereafter, the circuit court denied petitioner's habeas petition. In its order, the court determined that petitioner's Fourth Amendment rights were not violated due to an illegal search and seizure of his cell phone because the evidence was not introduced at trial. The court further found that petitioner's convictions did not constitute a violation of the prohibition against double jeopardy. The court relied on the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which provides that where the same act or transaction constitutes a violation of two separate statutory provisions, the test to be applied is whether each statute requires proof of an additional fact that the other does not. Because the statutes under which petitioner was convicted require separate elements of proof, the circuit court found that there was no violation of the double jeopardy clause. With respect to the allegation of due process and equal protection rights violations due to prejudicial and biased statements made by the trial court in curative instructions to the jury, the circuit court found none of the instructions of which petitioner complained were so prejudicial that petitioner should be granted a mistrial. Ultimately, the circuit court entered its order denying and dismissing petitioner's habeas petition on March 14, 2017. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises three assignments of error on appeal. First, petitioner argues that he is entitled to habeas relief because the state presented illegally obtained photographs from his cell phone to the grand jury. Alleging these photographs were illegally obtained, petitioner asserts that anything that flows from the presentation of those photographs to the jury is tainted, including the indictment. Petitioner acknowledges that "absent a showing of fraud, an examination of the evidence presented to the grand jury would not be in the interests of efficient administration of justice." *Barker v. Fox*, 160 W.Va. 749, 751, 238 S.E.2d 235, 235 (1977).

2

However, petitioner asserts that in this case, fraud occurred by a presentation of evidence obtained from an illegal search and seizure; therefore, examination of the evidence is warranted.

In addressing this first assignment of error, we note that the function of a grand jury is to hear the sworn testimony of witnesses and determine if enough evidence exists for an indictment. *Bracy v. United States*, 435 U.S. 1301, 1302 (1978). As the circuit court found, petitioner simply asserted, without any evidence, that "his cell phone was submitted to the grand jury for their consideration . . ." Further, the circuit court correctly found that "such an assertion is wholly inconsistent with how a grand jury functions regarding presentation of evidence and deliberations…". As such, there has been no evidence presented that the photographs were ever shown to the grand jury. Second, the circuit court found that the evidence obtained from petitioner's cell phone was not presented as evidence in his trial. As there is no indication that the photographs obtained from petitioner's cell phone were ever considered in evidence against him, his assertion that his indictment, and by extension his convictions, were obtained by fraud is without merit.

Petitioner's second assignment of error, that his convictions constitute a violation of the prohibition against double jeopardy, is also without merit. Petitioner asserts, per *Blockburger*, 284 U.S. at 304, that the crimes for which he was convicted contain the same elements and that only Count II of the indictment, alleging a violation of West Virginia Code § 61-8A-4, includes an additional element. Therefore, he argues, his Fifth Amendment rights have been violated. We do not agree.

This Court has determined that

> [t]he Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

Syl. Pt. 1, *State v. Gill,* 187 W.Va. 136, 416 S.E.2d 253 (1992). We further held in *Gill* that

> "[w]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

*Id.* at 138, 416 S.E.2d at 255, Syl. Pt. 4. Lastly, this Court determined that "[a] claim that double jeopardy has been violated based on multiple punishments imposed after a single trial is resolved by determining the legislative intent as to punishment." *Id.* at 138, 416 S.E.2d at 255, Syl. Pt. 7.

Regarding the use of obscene matter charge, West Virginia Code § 61-8A-4, provides that

[1] any adult, [2] having knowledge of the character of the matter, [3] who knows or believes that a person is a minor . . . and [4] distributes, offers to distribute or displays by any means any obscene matter to the . . . minor . . . and [5] such distribution, offer to distribute, or display is undertaken with the intent or for the purpose of facilitating the sexual seduction or abuse of the minor [6] is guilty of a felony[.]

Regarding the sexual abuse by a parent, guardian, custodian, or person in position of trust charge, West Virginia Code § 61-8D-5, provides that

[1] if any parent, guardian or custodian of or other person in a position of trust [2] in relation to a child under his or her care, custody or control, [3] shall engage in or attempt to engage in sexual exploitation of, or in sexual intercourse, sexual intrusion or sexual contact with, a child under his or her care, custody, or control . . . [4] such [person] shall be guilty of a felony[.]

We find that the code sections noted above contain several differing elements, with the most obvious being that the use of obscene material charge contains the additional element of distribution or display of any obscene matter to the minor and the sexual abuse by a parent, guardian, custodian, or person in position of trust charge contains the additional element that the adult be a parent, guardian, custodian, or person in position of trust. According to the above test, we find that each count contains an element not found in the other. Accordingly, there has been no violation of the double jeopardy clause.

Petitioner further argues that in *State v. Sears*, 196 W.Va. 71, 468 S.E.2d 324 (1996), "this Court held that if two statutes contain identical elements, then double jeopardy is 'violated unless there is a clear and definite statement of intent by the Legislature that cumulative punishment is permissible.'" We find that the statutes contain several different elements. Therefore, *Sears* has no bearing on this case.

Petitioner also asserts that West Virginia Code § 61-8D-5 starts with the language "[i]n addition to any other offenses set forth in this code, the Legislature hereby declares a separate and distinct offense under this subsection." According to petitioner, the lower court incorrectly interpreted this language in a way as to support a finding that his multiple convictions stemming from two transactions did not violate the prohibition against double jeopardy. Further, petitioner contends that the language does not present a clear or definite statement in regard to cumulative punishment. We do not agree. A plain reading of the statute indicates an intent to declare a separate crime. This Court determined in *Gill* that by including this language "the legislature has clearly and unequivocally declared its intention that sexual abuse involving parents, custodians, or guardians, W. Va. Code, 61-8D-5, is a separate and distinct crime from general sexual offenses . . . for purposes of punishment." *Gill*, 187 W. Va. at 138, 416 S.E.2d at 255, Syl. Pt. 9, in part. We therefore find that the clear intent of the legislature was to declare a separate and distinct crime in relation to sexual abuse by a parent, guardian, custodian, or person in position of trust.

4

Petitioner's third assignment of error, that his right to due process and equal protection were violated due to prejudicial statements made by the trial court to the jury, is also determined to be without merit. In his habeas petition, petitioner identified six instances of allegedly prejudicial statements made by the trial court to the jury. Specifically, these instances all relate to curative instructions the trial court gave to the jury following testimony from witnesses regarding statements made by third parties. In each instance, the trial court instructed the jury that it could not consider the testimony regarding these statements for the truth of the matter asserted, but, rather, to explain the witness's actions. According to petitioner, the trial court took these actions without objection by the defense or an explanation by the prosecuting attorney, and petitioner asserts that the statements could have just as easily been ruled as inadmissible hearsay. By instructing the jury that the statements were not offered for the truth of the matter, petitioner argues that the impression created was that the trial court favored the State.

This Court first notes that it is in a trial court's discretion to issue a jury instruction when counsel makes an inappropriate remark that is not objected to by the other party. This Court has found that it is better practice for a trial court in those instances to issue a curative instruction. *See State v. Murray*, 220 W.Va. 735, 743, 649 S.E.2d 509, 517 (2007). We have also found that while there are circumstances that render a jury instruction ineffective, objectionable statements do not always rise to that level. Prompt instruction from the trial court can preclude any error. *See State v. Gwinn*, 169 W.Va. 456, 288 S.E.2d 533 (1982). Therefore, the circuit court committed no error in choosing to instruct the jury in the instances noted above. Second, we find that the trial court's statements were not prejudicial, let alone so prejudicial as to require a mistrial. We agree with the lower court's determination that the trial court's jury instructions were sufficient.

For the foregoing reasons, we affirm the circuit court's March 14, 2017, order denying petitioner's petition for writ of habeas corpus.

**ISSUED:** November 21, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment