**FILED**
**April 5, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0797** (Cabell County No. 18-F-293)

**Kenneth Bernard Nelson,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kenneth Bernard Nelson appeals the September 20, 2021, order sentencing him for his conviction on his eighteen-count indictment (nine counts of second-degree sexual assault, and nine counts of sexual abuse by a parent, guardian, or custodian) to a cumulative term of 180 to 405 years in prison, to be followed by fifty years of supervised release.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner's girlfriend's daughter, "C.J.,"[2] accused petitioner of sexually abusing her when she was between thirteen and sixteen years old. Following his indictment, petitioner sought copies of the recordings and transcripts of C.J.'s forensic interviews. The court allowed petitioner to review the recordings and transcripts, but only in his counsel's office. Thereafter, petitioner asked to be allowed to review the recordings outside his counsel's office. The trial court denied that motion finding the recordings were only two hours long and contained very sensitive information about the minor victim.

At trial, petitioner's counsel questioned police officer Matt Null about his report claiming that, in a 2017 recorded interview with C.J., C.J. said petitioner sexually assaulted/abused her at her grandmother's house. Petitioner intended to use the recording to show that the victim's testimony was not credible because petitioner had irrefutably never been to C.J.'s grandmother's house. However, at petitioner's trial, Null testified that he had reviewed C.J.'s recorded interview

---

[1] Petitioner appears by counsel Jason T. Gain. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

[2] Because of the sensitive nature of the facts alleged in this case, we use the initials of the affected parties. *See State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim . . . [is] related to the appellant, we have referred to the appellant by his last name initial." (citations omitted)); *see also* W. Va. R. App. P. 40(e).

1

the night before his testimony and realized that C.J. never said petitioner abused her at her grandmother's house. Petitioner's counsel objected arguing that the State failed to provide petitioner any information about C.J.'s recorded interview. While the State claimed it had given a copy of the recording to petitioner's prior counsel, the trial court gave petitioner's trial counsel time to review the recording during the lunch recess. However, during the recess, petitioner left the courthouse and sustained injuries in a car accident that required the trial be recessed for six days. Trial counsel was allowed to review the recording during that recess. When trial resumed, the recording was played for the jury. A jury convicted petitioner on all eighteen counts. The trial court sentenced petitioner to a cumulative sentence of 180 to 405 years in prison, to be followed by fifty years of supervised release. Petitioner now appeals.

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997).

Petitioner raises four assignments of error on appeal. Petitioner first argues that the trial court erred by failing to declare a mistrial after it learned of the State's discovery violation, i.e., its alleged failure to disclose Officer Null's recorded interview of C.J. to petitioner. Petitioner claims material prejudice because his counsel intended to show that petitioner had never been to the grandmother's home as a means of proving the victim lied to the police.

"The decision to declare a mistrial, discharge the jury, and order a new trial in a criminal case is a matter within the sound discretion of the trial court." Syl. Pt. 1, *State v. Costello*, 245 W. Va. 19, 857 S.E.2d 51 (2021) (internal quotation omitted) (quoting Syl. Pt. 8, *State v. Davis*, 182 W. Va. 482, 388 S.E.2d 508 (1989)). We review a trial court's response to a discovery violation under an abuse of discretion standard. *State v. Rusen*, 193 W. Va. 133, 140, 454 S.E.2d 427, 434 (1994).

The State contends that Officer Null's recorded interview of C.J. was disclosed to petitioner's prior trial counsel in this case. On appeal, petitioner does not refute that statement. Further, during petitioner's trial when petitioner's current counsel learned of the recorded interview of C.J., counsel admitted that he was "not suggesting that [the recording] was hidden from [him]. What I'm suggesting is that I've never seen it." Thus, petitioner fails to show that the State violated any discovery order. Moreover, once petitioner and his current trial counsel learned of the recording, they had six days to review it and make any necessary adjustments to his defense before his trial resumed. Petitioner therefore fails to show how he was prejudiced by the admission of the recording at his trial. Thus, we find no error.

Petitioner also argues that the circuit court abused its discretion by preventing him from viewing recordings and transcripts of C.J.'s forensic interviews outside his attorney's office. Under West Virginia Rule of Criminal Procedure Rule 16(d)(1), a circuit court, "[u]pon a sufficient showing . . . may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate." Here, we find that the circuit court, under its inherent

2

authority to manage this case, did not abuse its discretion in limiting petitioner's review of the material to his counsel's office because the evidence was not extensive and contained sensitive information regarding the sexual abuse/assault of a minor. Petitioner does not claim that he was unable to get to his counsel's office or that his counsel did not provide him access to, or adequate time to review, the recordings and transcripts. Accordingly, we find no error.

In petitioner's third assignment of error, he argues that the circuit court erred by holding critical stage hearings (two pretrial hearings and petitioner's sentencing hearing) when petitioner was not *physically* present but, instead, appeared remotely via Skype and Microsoft Teams. We recently ruled that "[a] defendant has a due process right to be present at all critical stages of a criminal proceeding pursuant to Article III, Section 10 of the West Virginia Constitution and the Fifth Amendment of the United States Constitution." Syl. Pt. 3, *State v. Byers*, 247 W. Va. 168, 875 S.E.2d 306 (2022). In *Byers*, we found that a defendant has a right to be physically present at a critical stage hearing and cannot be compelled to appear by video. One of the keys to our holding in *Byers* was that "Mr. Byers, through counsel, objected to appearing by video conference." 247 W. Va. at ___, 875 S.E.2d at 310.

Here, however, petitioner admits that his counsel did not object to petitioner's physical absence at his pretrial and sentencing hearings. Accordingly, we must review this assignment for plain error. *See* Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995) ("To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects that fairness, integrity, or public reputation of the judicial proceedings.").

Petitioner does not allege that he could not fully participate in the hearings by video, nor does he state how he was prejudiced by appearing remotely. Petitioner asserts only that his lack of physical presence in the courtroom constituted "*per se* reversible error"; however, he cites to no authority for this claim. Moreover, the record shows that, at his first pretrial hearing, petitioner appeared remotely and did nothing more than waive his speedy trial rights. At the second pretrial hearing, the court granted the State's motion to amend petitioner's indictment to name him as the victim's "custodian" rather than "guardian," finding the amendment was neither material, nor a surprise. No evidence suggests that if petitioner had been physically in the courtroom the court would have ruled differently at either hearing. The same is true for petitioner's sentencing hearing at which petitioner was given the opportunity to allocute. Further, petitioner's counsel took advantage of petitioner's remote appearance to argue for home confinement so that he could avoid the then-current spike in Covid-19 cases. Finally, nothing in the record suggests that petitioner's remote appearance affected the outcome of petitioner's case or contributed to his criminal conviction. Accordingly, we find no error, let alone one that is plain.

In petitioner's fourth and final assignment of error, he argues that his indictment was invalid due to errors during the grand jury proceedings. Specifically, petitioner claims that the officer who investigated his case made materially false statements to the grand jury, including that "there's no doubt in my mind [the victim] didn't make this up." Petitioner adds that the officer was allowed to remain in the grand jury room during its deliberations. Thus, petitioner argues his indictment should have been quashed and his case should be dismissed with prejudice. Conversely, petitioner argues he should be given a new trial.

3

Pretrial, petitioner raised no issues with the form or contents of his indictment. Rule 12(b) of the West Virginia Rules of Criminal Procedure regarding "Pretrial Motions" provides:

> Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised *prior to trial*:
>
> . . . .
>
> (2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings)[.]

(Emphasis added.) "The well-settled rule in West Virginia is that '[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency.'" *State v. Spinks*, 239 W. Va. 588, 602, 803 S.E.2d 558, 572 (2017) (quoting Syl., *Barker v. Fox*, 160 W. Va. 749, 238 S.E.2d 235 (1977)).

Petitioner does not allege willful, intentional fraud or prosecutorial misconduct in the grand jury proceedings. Instead, he challenges the investigating officer's response to the State's question regarding whether the victim fabricated her allegations against petitioner. Officer Null replied, "There's no doubt in my mind she didn't make this up." Even if Null's statement was materially false, petitioner was convicted by a petit jury beyond a reasonable doubt so any error in his grand jury proceeding is harmless. "[T]he petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendant[] with the offenses for which [he was] convicted." *United States v. Mechanik*, 475 U.S. 66, 67 (1986). Thus, the petit jury's verdict renders harmless petitioner's unsupported claim that Null gave a materially false statement. *State ex rel. State v. Hummel*, 247 W. Va. 225, ___, 878 S.E.2d 720, 728 (2021) ("We have long held that once a trial is had, an error in the grand jury proceedings is cured[.]"). Accordingly, we find no error.

Affirmed.

**ISSUED:** April 5, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn