FRANK COTTON v. THE STATE.

INDICTMENT—EVIDENCE.—When an offense is proved as charged in an indictment, the fact that the witnesses on whose testimony the bill was found knew nothing of the particular offense proved cannot be availed of as a defense. A defendant has no right to inquire into the intentions of the grand jury except as they are expressed in the indictment.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The appellant was indicted for dealing "faro." The case was made out by the State by the testimony of one Joe Hallum, who testified that when he saw Cotton exhibit "faro" Bob Roberts and John Ryan were not present. Defendant's counsel placed the district attorney on the stand, who testified that he drew the indictment from a memorandum furnished by the grand jury, and that Bob Roberts and John Ryan were the only witnesses whose names were furnished, and their names were indorsed on the indictment.

*Sheeks & Sneed*, for appellant.

*George Clark, Attorney General*, for the State.

ROBERTS, CHIEF JUSTICE.—The defense set up in this case was that the particular transaction charged in the indictment, and for which the grand jury intended to indict the defendant, was not that which was proved on the

trial. The court declined to recognize defendant's right to institute an inquiry into the intention of the grand jury further than as expressed in the indictment found by them. This was correct, as formerly held by this court. (Crain *v*. The State, 14 Tex., 634.) We find no error in the case. Affirmed.

AFFIRMED.