## CHARLESTON.

STATE v. DAILEY.

Submitted April 29, 1913.   Decided May 20, 1913.

1. INDICTMENT AND INFORMATION—*Right to Quash.*
   An indictment can not be quashed because it was found upon illegal evidence.   (p. 521).

2. PROHIBITION—*Grounds—Plea to Indictment.*
   Prohibition lies to prevent a trial court from entertaining a plea to an indictment, challenging the legality or sufficiency of the evidence on which it was found.   (p. 523).

   (POFFENBARGER and MILLER, JUDGES, dissent.)

Application for a writ of prohibition by the State, on the petition of Allen B. Noll, against Honorable R. W. Dailey, Judge, and others.                    .                    *Writ awarded.*

*A. A. Lilly,* Attorney General, *John B. Morrison,* Assistant Attorney General, *Allen B. Noll* and *Forest W. Brown,* for petitioner.

WILLIAMS, JUDGE:

Claude W. Stewart, who was indicted for felony at the January term of the circuit court of Berkeley county, appeared in court and tendered three several pleas in abatement averring that there was no legal evidence before the grand jury on which they could find the indictments.   The attorney prosecuting for the State objected to the filing of the pleas, and moved the court to require defendant to plead or demur to the indictments. The court overruled the motion and objection, until the matters arising on the pleas in abatement should be determined; and the attorney general and the attorney appointed to prosecute the case in the court below, have applied to this court, on behalf of the state, for a writ of prohibition to prohibit R. W. Dailey, judge of said court, from proceeding to try the matters set up in said pleas.

The law of this state does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency. "An indictment cannot be quashed because it rests, in whole or part, on incompetent evidence," is the rule that was declared in

*State* v. *Woodrow*, 58 W. Va. 527. That was the first case to come before this court involving the question. Woodrow had filed a plea in abatement alleging that the indictment was found against him on the testimony of his wife, an incompetent witness. The court rejected his plea and refused to quash the indictment, and this court sustained that ruling.

The practice in this respect, however, is not uniform throughout the country, some of the courts holding that if the indictment is found entirely upon illegal evidence, it may be quashed upon plea in abatement. 22 Cyc. 205; 10 Enc. Pl. & Pr., 395. But a number of states, including Virginia and West Virginia, hold that an indictment returned by a grand jury, properly constituted, can not be attacked for want of legal evidence before the grand jury to support it. The law in these two states, on this subject, seems to have been so generally and so well understood that their courts of last resort were not called upon to pass upon it, until within very recent years. *Woodrow's case, supra,* and *Wadley's case,* 98 Va. 804, appear to be the first cases in the supreme courts of the two states, respectively. A similar question arose in Massachusetts in 1830, upon a motion by counsel for accused requesting the court to instruct the grand jury in regard to the nature of the evidence proper to be received by them, and the motion was overruled. Says Parker, C. J., in his opinion in that case, 9 Pick. 494: "According to my recollection, this is the first attempt of the kind in this Commonwealth. It is to be presumed that only proper evidence will be laid before the jury.  *  *  *  If anything improper shall be given in evidence before the grand jury, the error may be corrected subsequently upon the trial before the petit jury."

Of course an indictment ought not to be found upon illegal evidence. But the impracticability of showing that it was found upon such evidence renders a plea in abatement, or motion to quash on that ground improper. The testimony of a grand juror will not be received to impeach the indictment. 2 Bishop's New Crim. Proc., sec. 874. And in case a number of witnesses are examined by the grand jury, it would be impossible to ascertain by what evidence the grand jury were influenced. It is the body entrusted with the power to say when a crime has been committed, and when a prosecution should be begun against the person whom the evidence before them leads them to be-

lieve is probably the guilty party. According to our judicial system they are the tribunal representing the people, for the purpose of charging crime and designating the criminal. The evidence that satisfies them that probable cause exists for the prosecution of a certain person for a designated, crime, might not be enough to satisfy the court or a petit jury; and, to permit the court to inquire into the legality, or sufficiency, of the evidence on which the grand jury acted, would be to substitute, in a measure, the opinion of the court for that of the grand jury, and would ultimately lead to the destruction of the grand jury system. Such proceeding would also furnish opportunity for long and unnecessary delay in the trial of criminal cases, and would be a useless encumbrance upon criminal procedure. Because the matter can be inquired into as well upon the trial of the indictment as upon the plea in abatement; and if it is made to appear that the indictment was found either upon illegal evidence, or without any evidence, and the state produces no other evidence at the trial than what was before the grand jury, the prisoner will be vindicated as fully by an acquittal as he would be by quashing the indictment. But the state is entitled to produce at the trial new and additional evidence of guilt. It may not have had all its evidence before the grand jury. But if the indictment is to be quashed for want of proper evidence before the grand jury, it would cut off this right.

Speaking of proceedings by grand juries, Judge Harrison in *Wadley's case, supra,* says: "It is the policy of the law, in the interest of justice, that this preliminary hearing should be conducted with closed doors. This secrecy is not only consistent with, but essential to, the nature of the institution. The sufficiency of the proof cannot be inquired into to invalidate an indictment found by a lawfully constituted grand jury. The presumption is that every indictment is found upon proper evidence. If anything improper is given in evidence before a grand jury, it can be corrected on the trial before the petit jury."

Quoting from the opinion of Judge Brannon in *State v. Woodrow, supra,* p. 533: "It would be very bad practice, endless inconvenience to have a full preliminary trial of competence of evidence before the grand jury in many cases. How far would the practice go? Does the inconvenience to the accused

justify the institution of such a practice? Are not his rights fully vindicated by his right to exclude improper evidence on the trial. Therefore, we conclude that the plea in abatement was properly rejected."

The following cases are also in accord with the law as we find it in Virginia and West Virginia, viz.: *State* v. *Fasset,* 16 Conn. 457; *Brobeck* v. *Superior Court,* 152 Cal. 289; *State* v. *Dayton,* 3 Zab. (N. J.) 49, 53 Am. Dec. 270; *State* v. *Boyd,* 2 Hill (S. C.) 288; .27 Am. Dec. 376; *Stewart* v. *State,* 24 Ind. 142; *Smith & Cavin* v. *State,* 61 Miss. 754; *Cotton* v. *State,* 43 Tex. 169; *Clark* v. *State,* (Tex.) 43 S. W. 522; *State* v. *Fowler,* (Io.), 2 N. W. 983; *U. S.* v. *Cutter,* (Utah), 19 Pac. 145.

Seeing that the court is without authority of law to make preliminary investigation of the evidence that was before the grand jury, it follows that, in attempting to do so, it is exceeding its legitimate powers, and can be prohibited. Sec. 1, ch. 110, Code of West Virginia (1906), says: "The writ of prohibition shall lie as a matter of right, in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or having such jurisdiction, *exceeds its legitimate powers."*

By entertaining the pleas, the court is adopting a method of procedure not authorized or recognized by the law of this State. It is, therefore, exceeding its legitimate powers. It is more than mere error of judgment, because the court has no right to try the question; it does not have jurisdiction for that purpose, notwithstanding its jurisdiction to try the indictment. Where the court, although having jurisdiction of the cause, during the trial of it, exceeds its powers in some matter pertaining thereto, for which there is no adequate remedy by the ordinary course of proceeding, the writ of prohibition lies, under the general principles of law, as well as under the statute which, in respect to this case, is but declaratory of the common law, the state being given no other remedy.

In *McConihay* v. *Guthrie, Judge,* 21 W. Va. 134, the circuit court was prohibited from proceeding to condemn land for railroad purposes, which could not be lawfully taken, notwithstanding it had jurisdiction of the cause, and notwithstanding the remedy, in that case, by writ of error.

In the following cases inferior courts were prohibited from

exceeding their legitimate powers, in causes of which they had general jurisdiction: *Ensign* v. *Carroll,* 30 W. Va. 532; *City of Charleston* v. *Beller et al.,* 45 W. Va. 44; *W. Va. Central Gas Co.* v. *Holt, Judge,* 66 W. Va. 516; *Supervisors of Culpeper County* v. *Gorrell et al.,* 20 Grat. 484; *McInernery* v. *City of Denver,* 17 Col. 302; *Havermeyer* v. *Superior Court,* 84 Cal. 327.

We award the writ.

*Writ Awarded.*