**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

State of West Virginia,
Plaintiff Below, Respondent

**v.)  No. 22-903** (Fayette County 04-F-138)

Tex G. H. II,
Defendant Below, Petitioner

## MEMORANDUM DECISION

Petitioner Tex G. H. II appeals the Circuit Court of Fayette County's October 19, 2022, order denying his "Combined Application for Permission to Present a Complaint to the Grand Jury and Motion to Dismiss Indictment."[1] Petitioner maintains that his indictment should be dismissed and seeks permission to present a complaint to the grand jury. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was convicted in 2004 of twenty-four sex crimes, and he was sentenced to an effective 199- to 480-year term of incarceration. In the twenty years since his convictions, petitioner has filed a direct appeal and numerous petitions for habeas corpus relief, all of which have been refused or denied. *See, e.g.*, *H[.] v. Ballard*, No. 101437, 2012 WL 2988769 (W. Va. Mar. 12, 2012) (memorandum decision); *Tex H. v. Ballard*, No. 16-0033, 2017 WL 1102791 (W. Va. Mar. 24, 2017) (memorandum decision); *Tex H. v. Ames*, No. 18-0016, 2019 WL 2499359 (W. Va. June 14, 2019) (memorandum decision).

Initiating the instant proceedings, petitioner filed a "Combined Application for Permission to Present a Complaint to the Grand Jury and Motion to Dismiss Indictment." Petitioner represented that he has been "proclaim[ing his] innocence" since the start of his case, and he is "living proof" that one of the prosecuting attorneys who presented his case to the grand jury is guilty of "egregious acts." Petitioner pointed to the recantation and diary entries of one of his victims in support of his claim of innocence, and he pointed to the Lawyer Disciplinary Board's admonishment of one of the prosecuting attorneys for unintentionally failing to provide a complete

---

[1] Petitioner is self-represented. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. We note that initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

transcript of petitioner's 2004 grand jury proceedings.[2] In addition to the dismissal of his indictment and permission to present a complaint to the grand jury, petitioner sought the production of a transcript of 2002 grand jury proceedings at which criminal charges involving petitioner were presented to the grand jury, but no indictment was returned.

On October 19, 2022, the circuit court entered an order denying petitioner's "application" and motion to dismiss the indictment. The court noted that petitioner provided no "clear reason or law" in support of his motion and found that there was sufficient evidence to support the indictment and petitioner's subsequent convictions, so it denied the motion to dismiss the indictment. As for petitioner's "application" to present a complaint to the grand jury, the court observed that petitioner provided no complaint and identified no defendants or causes of action, nor did petitioner so much as provide a statement or explanation of any anticipated complaint. Consequently, the court deemed the filing "insufficient as an application." Lastly, in denying production of the 2002 grand jury transcript, the court cited the general rule set forth in Rule 6(e)(1) of the West Virginia Rules of Criminal Procedure that grand jury transcripts "shall not be made public except on order of the court" and the exception to that general rule for a defendant who has shown that "grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." *Id.* at 6(e)(3)(C)(ii). Because the 2002 grand jury returned no indictment petitioner could move to dismiss, the court concluded that there was no basis for disclosure. Petitioner now appeals.

Our review of the circuit court's denial of petitioner's motion to dismiss the indictment is de novo. Syl. Pt. 1, *State v. Grimes*, 226 W. Va. 411, 701 S.E.2d 449 (2009). Regarding the court's denial of his application to present a complaint to the grand jury, we "apply a two-pronged deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Dreyfuse, In re Application to Present Complaint to Grand Jury*, 243 W. Va. 190, 842 S.E.2d 743 (2020) (quoting Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997)).

Petitioner argues that the court's ruling is incorrect because the finding that the withholding of a portion of the transcript of petitioner's 2004 grand jury proceedings was unintentional "can be proven to be false," and he argues that the withholding resulted in a violation of Rule 6 of the Rules of Criminal Procedure, which addresses the grand jury. Petitioner argues further that the grand jury would not have indicted him had a detective not given perjured testimony, and he

---

[2] Petitioner's case was presented to the grand jury over two days. The prosecutor provided the transcript of one day's proceedings, and he claimed that the failure to produce the second day was inadvertent. The Lawyer Disciplinary Board noted that the prosecutor was ordered to provide the grand jury transcript five years after presenting petitioner's case. The Lawyer Disciplinary Board concluded that after five years, "and after countless other criminal cases, it is not beyond imagination that [the prosecutor] did not remember a second day of testimony in [petitioner's] case," and it found that the oversight in production was unintentional. But because the prosecutor was ordered to produce the transcript, and "[e]thical violations by a lawyer holding a public office are viewed as more egregious because of the betrayal of the public trust attached to the office," the Lawyer Disciplinary Board admonished the prosecutor.

contrasts various pieces of evidence in attempting to show that incriminating evidence was fabricated while exculpatory evidence was withheld. Petitioner raises challenges to certain trial evidence and conduct, and his arguments culminate in the assertion that he was wrongfully convicted. Petitioner also continues to seek the transcript of his 2002 grand jury proceedings.

Preliminarily, petitioner's claims of trial error and that he was wrongfully convicted cannot here be litigated. Petitioner has either pursued or had the opportunity to pursue those arguments both directly and—on multiple occasions—collaterally; as a result, to the extent not already previously considered and rejected, the time has long since passed for petitioner to raise those challenges. *See* Syl. Pts. 2 & 4, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981) (providing, generally, that a prior denial of habeas corpus relief is res judicata on both questions of law that were decided and issues that could have been raised and limiting the grounds that can be raised in successive habeas proceedings). Likewise, to the extent petitioner's arguments to this Court were not raised below, we reiterate the general rule that "nonjurisdictional questions raised for the first time on appeal will not be considered."[3] *State v. Ward*, 245 W. Va. 157, 162, 858 S.E.2d 207, 212 (2021) (citation omitted).

Moving to the court's denial of his motion to dismiss the indictment, we highlight that petitioner has been tried *and convicted* by a petit jury. "We have long held that once a trial is had, an error in the grand jury proceedings is cured . . . ." *State ex rel. State v. Hummel*, 247 W. Va. 225, 233, 878 S.E.2d 720, 728 (2021). Petitioner has not established that perjured testimony was offered during his grand jury proceeding, but even if he had proven the allegation, "[i]f anything improper is given in evidence before a grand jury, it can be corrected on the trial before the petit jury." *Id.* (quoting *Noll v. Dailey*, 72 W. Va. 520, 522, 79 S.E. 668, 669 (1913)). And we have cited approvingly "reasoning from our federal courts that 'errors before a grand jury, such as perjured testimony, could easily be corrected during a trial with its incumbent procedural and evidentiary safeguards.'" *Id.* (quoting *State ex rel. Pinson v. Maynard*, 181 W. Va. 662, 667, 383 S.E.2d 844, 849 (1989)). Accordingly, the court did not err in denying petitioner's motion to dismiss the decades-old indictment charging crimes of which petitioner was ultimately convicted.

We also find no error in the court's denial of petitioner's "application" to present a complaint to the grand jury. It is true that "[b]y application to the circuit judge, whose duty is to insure access to the grand jury, any person may go to the grand jury to present a complaint to it." *Dreyfuse*, 243 W. Va. at 192, 842 S.E.2d at 745, Syl. Pt. 2, in part (quoting Syl. Pt. 1, *State ex rel. Miller v. Smith*, 168 W. Va. 745, 285 S.E.2d 500 (1981)). But concomitant with their duty to ensure access to the grand jury, circuit courts possess "supervisory powers . . . to preserve the integrity of the grand jury process and to insure the proper administration of justice." *Id.*, Syl. Pt. 7, in part (quoting Syl. Pt. 2, *State ex rel. Hamstead v. Dostert*, 173 W. Va. 133, 313 S.E.2d 409 (1984)). In "applying" for permission to present a complaint to the grand jury, petitioner did nothing more than title his submission to the court as an "Application for Permission to Present a Complaint to the Grand Jury," cite the court's "duty to insure access to the grand jury," present argument in support of the other issues addressed in his "combined" submission, and then conclude with a request that the court grant his "application." In other words, petitioner's "application" was merely

---

[3] This is not the first time that petitioner has been advised of this rule. *See, e.g.*, *Tex H. v. Ames*, No. 18-0016, 2019 WL 2499359, at *3 (W. Va. June 14, 2019) (memorandum decision).

a bald request for access to the grand jury. We squarely rejected the notion that a circuit court's role in ensuring access to the court system requires the court to grant unfettered access to the grand jury in *Dreyfuse*. *See id.* at 198, 842 S.E.2d at 751 ("[W]e reject Mr. Dreyfuse's argument that the circuit court's singular duty upon receiving a private citizen's application to present a complaint to the grand jury is to grant unfettered access to the grand jury."). Indeed, "[a] private citizen's right under West Virginia Constitution art. III, § 17 to present a complaint to the grand jury upon application to the circuit court is subject to reasonable limitations to protect our judicial system from abuse." *Id.* at 192, 842 S.E.2d at 745, Syl. Pt. 8. Because the court possessed supervisory powers over the grand jury to prevent abuse, we find no error in the court's conclusion that petitioner's mere request for access to the grand jury was insufficient to warrant anything other than denial.

Lastly, we find no error in the court's denial of petitioner's request for the 2002 grand jury transcript. Petitioner's request below for the transcript was unaccompanied by law or argument in support, and before this Court, he has also failed to offer law or argument to establish error in the court's ruling. Barebones assertions unaccompanied by argument and authority do not preserve claims, *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011), and petitioner has further failed to satisfy his "burden of showing that there was error in the proceedings below." Syl. Pt. 2, in part, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973). Accordingly, he is entitled to no relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4