# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jimmy Dean Mullins,**
**Petitioner Below, Petitioner**

**vs.)  No. 20-0930** (Wyoming County 19-C-47)

**Aaron Westfall, Superintendent, Parkersburg**
**Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jimmy Dean Mullins, by counsel Zachary K. Whitten, appeals the Circuit Court of Wyoming County's October 29, 2020, order denying his petition for a writ of habeas corpus seeking relief on the following grounds: constitutional errors in evidentiary rulings, incompetency at the time of the offense, ineffective assistance of counsel, excessive bail, refusal to subpoena witnesses, nondisclosure of grand jury minutes, use of informers to convict, and excessive sentence. Respondent Aaron Westfall, Superintendent, Parkersburg Correctional Center, by counsel Patrick Morrisey and Lara K. Bissett, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

## I.  FACTS AND PROCEDURAL HISTORY

### A.    Trial Proceedings

After selling oxycodone to a confidential informant ("CI") on various occasions, petitioner was indicted in 2015 on nine counts of delivery of a controlled substance, one of which was dismissed before trial. Petitioner was tried on and convicted of the remaining eight counts, and he was sentenced to consecutive terms of not less than one nor more than fifteen years of incarceration for each conviction.

Petitioner filed a direct appeal with this Court in which he argued that the trial court erred in admitting his recorded jailhouse phone calls at trial, that the trial court erred in failing to strike

1

certain jurors for cause, that the trial court erred in failing to direct a verdict of acquittal due to insufficient evidence, and that his sentence was disproportionate to his crimes. *State v. Mullins*, No. 17-0391, 2018 WL 2928096 (W. Va. June 11, 2018)(memorandum decision). With regard to his sufficiency of the evidence claim, petitioner argued that the CI lacked credibility, particularly due to the fact that she had been charged with forty-eight felonies related to her alleged stealing from an elderly neighbor.

This Court affirmed petitioner's convictions and sentence. *Id.* at *5. The Court found that if there was any error in the trial court's admission of his recorded phone calls, it was harmless "as the other evidence admitted . . . overwhelmingly established petitioner's guilt." *Id.* at *3. The Court further found that petitioner's claim that the trial court erred in failing to strike certain jurors for cause lacked merit because petitioner used peremptory strikes on those jurors, and he "wholly fail[ed] to allege prejudice in his use of peremptory strikes on the jurors at issue." *Id.* at *4. Regarding petitioner's sufficiency of the evidence claim, the Court found that "petitioner's argument on this issue is predicated heavily upon credibility issues concerning his own testimony and that of [the] CI." *Id.* at *3. As "[c]redibility determinations are for a jury and not an appellate court," the Court found that petitioner's arguments were inappropriate for appellate review. *Id.* (citation omitted).[1] Finally, the Court found that petitioner's sentences were not subject to appellate review because they were within statutory limits. *Id.* at *4-*5.

## B.    Habeas Proceedings

In March of 2020, petitioner filed an amended petition for a writ of habeas corpus alleging nine grounds for relief: (1) constitutional errors in evidentiary rulings; (2) incompetency at the time of the crime; (3) ineffective assistance of counsel; (4) excessive bail; (5) trial counsel's refusal to subpoena witnesses; (6) non-disclosure of grand jury minutes; (7) incompetency at the time of the crime; (8) use of informers to convict; and (9) excessive sentence.

The three evidentiary rulings petitioner challenged in his first claim for habeas relief concerned the admission of his recorded jailhouse calls, the failure to remove three jurors for cause, and the admission of evidence under Rule 404(b) of the West Virginia Rules of Evidence. In support of his ineffective assistance of counsel claim, petitioner argued that counsel failed to request a psychological evaluation, failed to strike juror Kirby Puett, failed to move for a change of venue, failed to subpoena certain witnesses, and failed to request a transcript of the grand jury proceedings.

---

[1] This Court also recounted that evidence of the controlled buys was presented by the CI as well as the officer with whom the CI worked, that recordings of the controlled buys were presented, and that evidence concerning the chain of custody of the oxycodone and testing of the drug to confirm that it was a controlled substance was also admitted. *Mullins*, 2018 WL 2928096 at *3. Therefore, the Court concluded, "the evidence overwhelmingly established that, on eight separate occasions, petitioner delivered oxycodone to [the] CI . . . pursuant to Captain Cook's investigation." *Id.*

The habeas court held an omnibus hearing, and on October 29, 2020, it denied petitioner habeas relief. The habeas court, in addressing petitioner's claim that the trial court erred in admitting the jailhouse call recordings, recounted this Court's holding from petitioner's direct appeal that, assuming any such error, it was harmless. *See Mullins*, 2018 WL 2928096 at *3. Thus, the habeas court found that "the introduction of the calls did not place the underlying fairness of the entire trial in doubt." In denying habeas relief on petitioner's claim regarding the trial court's failure to strike certain jurors, the habeas court again recounted this Court's holding on that issue and found that petitioner was provided an impartial jury due to his use of peremptory strikes on the challenged jurors. *See id.* at *4.

Petitioner raised incompetency at the time of his crimes twice. The habeas court addressed the two like claims separately, finding that "[n]o evidence was presented that the [p]etitioner lacked competency at the time of offense at trial" and that "there was nothing but the [p]etitioner's own testimony that he was incompetent at the time of the offenses." "With no other evidence," the court concluded, "no habeas relief can be granted" on those claims.

In addressing petitioner's ineffective assistance of counsel claims, the habeas court observed that trial counsel testified at the omnibus hearing. Based upon trial counsel's "experience and knowledge of this case and the [p]etitioner, the professional opinion [of trial counsel] was that the [p]etitioner did not require a psychological evaluation as he did not appear to be incompetent at the period of time when his representation of the [p]etitioner began and thru trial." Trial counsel also testified that, "based upon his professional opinion[,] impaneling Kirby Puett was not unreasonable" and that calling petitioner's requested witnesses, Timothy Hurley and David Lambert, "would not have been effective in trial for the [p]etitioner but may have been more harmful to the defense." As a result, the habeas court found that trial counsel's representation was not deficient and that there was no reasonable probability that the result at trial would have been different but for any unprofessional errors. Additionally, the habeas court addressed the stand-alone claim that trial counsel refused to subpoena Mr. Hurley and Mr. Lambert by reference to its findings on petitioner's ineffective assistance of counsel claim related to that issue.

The habeas court also found that petitioner was not entitled to habeas relief with respect to the alleged excessive bail because that claim was predicated on petitioner's assertion that the purportedly excessive bail prevented him from assisting with his defense, but there was "no evidence whatsoever that the [p]etitioner was harmed from assisting with and preparing his defense at trial."

Next, the habeas court found no merit to petitioner's claim regarding the nondisclosure of grand jury minutes: "Given the overwhelming weight of the evidence provided and the available cross examination of all witnesses provided by the State, there is no habeas relief on this issue."

Regarding petitioner's challenge to the use of a CI to convict, the habeas court noted that the CI "was subject to lengthy cross[-]examination of [p]etitioner's trial counsel of which her credibility was subject of such cross examination including several pending indictments."

Additionally, the officer with whom the CI worked testified at petitioner's trial. The officer, who was also subject to cross-examination, addressed the CI's reliability.

Finally, the habeas court recounted this Court's finding that petitioner's sentences were not subject to appellate review and found that he was not entitled to habeas relief on his claim that his sentence was excessive. *See id.* at *4-*5. It is from the court's October 29, 2020, order denying habeas relief that petitioner now appeals.

## II.  STANDARD OF REVIEW

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

## III.    DISCUSSION

Petitioner raises ten assignments of error on appeal. First, petitioner argues that the habeas court failed to address his claim that the trial court erred in introducing evidence under Rule 404(b) of the West Virginia Rules of Evidence. Second, petitioner argues that the habeas court erred in denying him relief due to alleged constitutional errors in the trial court's evidentiary rulings. In petitioner's third assignment of error, he claims that the court erred in denying him relief due to the trial court's failure to determine if he was competent at the time he committed his crimes, and in his fourth assignment of error, he claims that his trial counsel rendered ineffective assistance. Fifth, petitioner claims that the habeas court erred in denying him relief on the ground that his bail was excessive. Sixth, he claims error in the failure to afford habeas relief where trial counsel failed to subpoena witnesses. Petitioner's seventh assignment of error challenges the failure to disclose grand jury minutes, and his eighth asserts error in trial counsel's failure to move for a psychological evaluation. Ninth, petitioner claims that the court erred in denying him habeas relief due to the use of informers to obtain his conviction. Finally, petitioner claims that his sentence is excessive. These claims will be taken out of order to address like claims together.

A.    **Claims That Were Addressed on Direct Appeal, Could Have Been Addressed on Direct Appeal, or Are Otherwise Not Cognizable in a Post-Conviction Habeas Action**

Petitioner's second, ninth, and tenth assignments of error—claiming, respectively, constitutional errors in the trial court's evidentiary rulings, error in the use of a CI to obtain his conviction, and excessive sentence—were either addressed in petitioner's direct appeal or could have been raised there, so they were inappropriate for habeas review.

Under West Virginia Code § 53-4A-1, an individual who is incarcerated may file a petition for a writ of habeas corpus "if and only if such contention or contentions and the

4

grounds in fact or law relied upon in support thereof have not been previously and finally adjudicated or waived in the proceedings which resulted in the conviction and sentence."[2] W. Va. Code § 53-4A-1(a). In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we addressed what constitutes full and fair litigation of an issue and noted that where habeas petitioners "seek collateral review of evidentiary or constitutional questions . . . when those issues were fully and fairly litigated during the trial and a record of the proceedings is available," then "a court may apply rules of res judicata in habeas corpus because the issue has actually been fully litigated." *Id.* at 765, 277 S.E.2d at 609; *see also State ex rel. Waldron v. Scott*, 222 W. Va. 122, 126, 663 S.E.2d 576, 580 (2008) (finding that because the habeas petitioner "made the same arguments in his habeas petition as he did in his direct appeal," the issues "lacked merit"); *Heavener v. Pszczolkowski*, No. 15-0241, 2016 WL 5210797, *4 (W. Va. Sept. 19, 2016)(memorandum decision) (finding that because an issue was resolved on direct appeal, res judicata barred raising that ground in habeas). Simply put, "[w]hen a ground has been fully and fairly litigated and a decision rendered on the merits thereof, that decision is considered final and has a res judicata effect." *Heavener*, 2016 WL 5210797 at *3 (citation omitted).

In addition, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." Syl. Pt. 1, in part, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972). "[T]he burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal." *Id.* at 362, 196 S.E.2d at 92, Syl. Pt. 2, in part.

Here, the evidentiary rulings forming the basis of petitioner's second assignment of error include the trial court's admission of the recordings of his calls from jail, its failure to strike certain jurors for cause, and its admission of evidence under Rule 404(b) without a proper hearing. In challenging the use of a CI to obtain his conviction in his ninth assignment of error, petitioner argues that the CI had pending felony charges and, he claims, the videos of the controlled buys, in fact, show that the CI sold him drugs. In petitioner's direct appeal, we addressed petitioner's contentions that the trial court erred in admitting the recordings of the calls he made from jail (finding harmless error, if any error, because the evidence "overwhelmingly

---

[2] In Syllabus Point 1 of *Bowman v. Leverette*, 169 W. Va. 589, 289 S.E.2d 435 (1982), we held that

> *W.Va.Code*, 53-4A-1(d) [1967] allows a petition for post-conviction habeas corpus relief to advance contentions or grounds which have been previously adjudicated only if those contentions or grounds are based upon subsequent court decisions which impose new substantive or procedural standards in criminal proceedings that are intended to be applied retroactively.

Petitioner does not argue that there have been any such court decisions, so the exception articulated in *Bowman* is not applicable here.

5

established petitioner's guilt"), that the trial court erred in failing to strike certain jurors for cause (finding that "petitioner's right to an impartial jury was not violated because he removed the jurors in question with peremptory strikes"), and the State's use of a CI to convict (finding that his challenges to the CI's credibility concerning her alleged attempts to sell him drugs and her pending felony charges were "inappropriate for appellate review, as they turn entirely on credibility determinations"). *Mullins*, 2018 WL 2928096 at \*3-\*4. We also addressed petitioner's claim that his sentences were excessive, which he asserts in his tenth assignment of error, finding that his sentences were not subject to appellate review because they were within statutory limits and he had failed to establish that the sentences were based on an impermissible factor. *Id.* at \*4-\*5. Accordingly, because these issues were fully and fairly litigated in petitioner's direct appeal, the decisions on these issues are final and preclude habeas relief.

One additional component of petitioner's second assignment of error concerns the trial court's alleged improper admission of evidence under Rule 404(b). Petitioner argues that the trial court entered an order denying the use of 404(b) evidence but that the CI testified to a drug transaction that occurred between her and petitioner prior to the controlled buys on which he was convicted. Petitioner, however, could have advanced this contention on direct appeal, failed to do so, and offered no rebuttal to the resulting presumption that such contention was intelligently and knowingly waived.[3] *See Ford*, 156 W. Va. at 362, 196 S.E.2d at 92, Syl. Pts. 1 and 2. Further, as addressed below, this claim of ordinary trial error is not cognizable in habeas. Accordingly, we find no error in the habeas court denying relief on petitioner's claims challenging the trial court's evidentiary rulings, the use of a CI to convict him, and his sentence.

Relatedly, petitioner argues in his first assignment of error that this matter should be remanded because the habeas court failed to address his claim regarding the trial court's admission of Rule 404(b) evidence.

Habeas courts are required to "make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, in part, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997). This Court has further held that, "in most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings would necessitate a remand." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va.

---

[3] We also note that the order denying use of Rule 404(b) evidence that petitioner included within the appendix record only precludes the use of "evidence of the [petitioner's] conviction in Wyoming County Circuit Court Case 10-F-113." Petitioner does not explicitly state that the CI testified to this prior conviction, and he does not include the trial transcript in the appendix record. "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record." Syl. Pt. 4, in part, *State v. Myers*, 229 W. Va. 238, 728 S.E.2d 122 (2012) (citations omitted). Petitioner's failures, in effect, would require this Court to presume error. But "[e]rror will not be presumed, all presumptions being in favor of the correctness of the judgment." *Id.*

11, 19, 528 S.E.2d 207, 215 (1999). However, we declined to remand the case in *Vernatter* because the claim that the habeas court failed to address was not cognizable in habeas. *Id.* (citation omitted). Because "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed," *id.* (citation omitted), and because petitioner's Rule 404(b) challenge amounts to ordinary trial error and, therefore, is not cognizable in habeas, we need not remand petitioner's case. *See Johnson v. Mutter*, No. 19-0788, 2020 WL 6624970, *3 (W. Va. Nov. 4, 2020)(memorandum decision) ("dispens[ing]" with the habeas petitioner's Rule 404(b) claim because it involved an evidentiary ruling not cognizable in habeas); *Shoop v. Ballard*, No. 13-1313, 2014 WL 6607475, *4 (W. Va. Nov. 21, 2014)(memorandum decision) (finding that the habeas petitioner's Rule 404(b) challenge "does not rise to the level of a constitutional error"); *Grimes v. Plumley*, No. 12-1425, 2013 WL 5967042, *12 (W. Va. Nov. 8, 2013)(memorandum decision) (declining to address a Rule 404(b) claim in habeas because "[a] general trial error is not reviewable on a petition for habeas corpus").

We have similarly declined to remand for findings of fact and conclusions of law where the issue unaddressed by the habeas court could have been raised on direct appeal but was not. *See Landrum R. v. Terry*, No. 16-1095, 2018 WL 2750876, *3 (W. Va. June 8, 2018)(memorandum decision) (declining to remand for findings of fact and conclusions of law because "in failing to raise these issues on direct appeal, per *Ford*, petitioner cannot now rely upon these facts in support of his petition for habeas corpus"). Such is the case here. For these reasons, we find remand is unnecessary and that petitioner's first assignment of error lacks merit.

**B.      Claims Grounded in Petitioner's Assertion that He Received Ineffective Assistance of Counsel**

Next, we address petitioner's fourth, sixth, and eighth assignments of error. In petitioner's fourth, he argues that he received ineffective assistance of counsel due to counsel's failure to request a psychological evaluation "to determine the effects of [his] long-term drug and alcohol use," which "could potentially have" discovered incompetency at the time of his crimes. He further claims counsel provided ineffective assistance in failing to strike a juror who is married to petitioner's child's mother's aunt; allowing others who were aware of petitioner's "negative reputation in the community" to serve on the jury; failing to move for a change of venue; failing to call two witnesses (Timothy Hurley and David Lambert), who would have reportedly corroborated petitioner's assertion that he was not selling drugs to the CI but, rather, was purchasing them from her; and failing to request a transcript of the grand jury proceedings. Without explanation or analysis, petitioner variably concludes that, without these claimed errors, the result of his trial "would have" or "could have" been different or the outcome "potentially changed." In petitioner's sixth assignment of error, he raises a stand-alone challenge to counsel's failure to subpoena Mr. Hurley and Mr. Lambert, arguing that their testimony "would have been both material and favorable" and framing counsel's failure to subpoena them as a denial of his "right to compulsory process." Petitioner's eighth assignment of error is, similarly, a stand-alone claim concerning counsel's failure to request a psychological evaluation to determine his competency.

In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*,

7

466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). When reviewing counsel's performance,

courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in part.

Preliminarily, we observe that petitioner failed to include the transcript of his omnibus evidentiary hearing in the appendix record. Rule 7 of the West Virginia Rules of Appellate Procedure requires a petitioner to "prepare and file an appendix containing," among other things, "[m]aterial excerpts from official transcripts of testimony or from papers in connection with a motion. Such excerpts must contain all the testimony or averments upon which the petitioner relies and upon which it may be reasonably assumed the respondent will rely." W. Va. R. App. P. 7(d)(5). "Other parts of the record to which the parties wish to direct the Court's attention" must also be included. W. Va. R. App. 7(d)(8). Then, a petitioner's brief "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W. Va. R. App. P. 10(c)(7). "The Court may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Because petitioner failed to include the transcript of his omnibus hearing, he has failed to appropriately and specifically cite how the ineffective assistance of counsel claim was presented to the habeas court. This failure in and of itself allows this Court to disregard petitioner's claimed error.

Nevertheless, in reviewing the habeas court's order, we note that it recounted the testimony from trial counsel at the omnibus hearing that bore on the issues raised by petitioner. The habeas court concluded, in essence, that trial counsel's acts or omissions were not outside the broad range of competent assistance, and petitioner has not demonstrated that the habeas court's findings regarding counsel's representation were clearly erroneous. Indeed, he does not argue that the findings were clearly erroneous; rather, he merely reiterates the arguments he made below, which were found to lack merit. As addressed by the habeas court, trial counsel gave reasoned explanations for the choices he made during his representation of petitioner, and a reviewing court is not to engage in hindsight or second guessing of an attorney's strategic decisions. *Miller*, 194 W. Va. at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6, in part. Plus, mere conclusions that the result of the proceedings would (or could) have been different in the absence of the claimed errors fails to actually demonstrate that the result of his trial would have been different. Accordingly, petitioner fails to establish error in the habeas court's denial of his ineffective assistance of counsel claim.

We further find no error in the court's conclusion that petitioner was not entitled to habeas relief on his stand-alone claims that he was denied compulsory process due to counsel's failure to subpoena Mr. Hurley and Mr. Lambert and that counsel failed to move for psychological evaluation. "To establish the denial of the right to compulsory process afforded to criminal defendants pursuant to article III, section 14 of the West Virginia Constitution, there must be a showing that the witness' testimony would have been both material and favorable to the defense." Syl. Pt. 3, *State v. Whitt*, 220 W. Va. 685, 649 S.E.2d 258 (2007). The evidence adduced at petitioner's omnibus hearing was that Mr. Hurley's and Mr. Lambert's testimony would have been detrimental to the defense, and not favorable as petitioner contends. Petitioner points to no contrary evidence, so he has failed to demonstrate that this finding was clearly erroneous. Likewise, the habeas court observed that petitioner offered nothing "but [his] own testimony that he was incompetent," which was countered by his trial counsel's assessment that petitioner was not incompetent. Thus, again, petitioner has failed to demonstrate that the court's finding was clearly erroneous. Consequently, he has failed to demonstrate that he was entitled to habeas relief on these grounds.

**C.      Claims for Which Petitioner Failed to Offer Support**

Petitioner asserts in his third assignment of error that the *trial court* also abused its discretion in failing to order petitioner to submit to a psychological evaluation to determine his competency. "When a trial judge is made aware of a possible problem with defendant's competency, it is abuse of discretion to deny a motion for psychiatric evaluation." Syl. Pt. 4, in part, *State v. Demastus*, 165 W. Va. 572, 270 S.E.2d 649 (1980). Petitioner's trial counsel testified that there were no issues that called petitioner's competency into question, and the habeas court found that petitioner presented no evidence to support his claim of incompetency. Petitioner does not argue that this finding was clearly erroneous, nor has he supplied this Court with the transcript of his omnibus hearing such that this finding could be questioned. Accordingly, petitioner has demonstrated no error in the court's denial of habeas relief on this ground. *See Myers*, 229 W. Va. at 241, 728 S.E.2d at 125, Syl. Pt. 4, in part (citation omitted) ("An appellant must carry the burden of showing error in the judgment of which he complains.").

In petitioner's fifth assignment of error, he claims that excessive bail "prevented him from fully assisting his trial counsel and preparing his defense." The habeas court found "no evidence whatsoever that the [p]etitioner was harmed from assisting with and preparing his defense at trial." As with various other assignments of error, petitioner does not dispute this finding; he merely reiterates the assertions made below but that he, ultimately, failed to substantiate. He has, therefore, failed to demonstrate that the habeas court abused its discretion in denying petitioner habeas relief on this ground. *See id.*

Finally, in petitioner's seventh assignment of error, he argues that the habeas court erred in denying him habeas relief based upon the nondisclosure of the transcript of his grand jury proceedings. Petitioner claims that "the State should have disclosed the [g]rand [j]ury minutes, as the transcript may contain impeachable testimony of a witness" and that "it is also imperative for a defendant to review the [g]rand [j]ury transcripts to ensure the proper procedures were followed in obtaining the indictment."

"The secrecy of grand jury proceedings in West Virginia has long been protected." *Estate of Jones ex rel. Jones v. City of Martinsburg*, Nos. 18-0927 and 18-1045, 2020 WL 8991834, *14 (W. Va. Oct. 30, 2020)(memorandum decision) (citation omitted). Further, "[e]xcept for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence considered by the grand jury, either to determine its legality or its sufficiency." Syl., *Barker v. Fox*, 160 W. Va. 749, 238 S.E.2d 235 (1977). This rule of secrecy is set forth in Rule 6 of the West Virginia Rules of Criminal Procedure, which provides that

> [a] grand juror, an interpreter, a stenographer, an operator of a recording device, a typist who transcribes recorded testimony, an attorney for the state, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury, except as otherwise provided for in these rules. No obligation of secrecy may be imposed on any person except in accordance with this rule. A knowing violation of Rule 6 may be punished as a contempt of court.

W. Va. R. Crim. P. 6(e)(2). Although certain exceptions to this rule exist, petitioner has not argued that any such exception applies here. Rather, he argues only that the grand jury transcript "*may* contain impeachable testimony" and that disclosure was warranted so that he could "ensure the proper procedures were followed." Petitioner's speculation that the grand jury transcript may have contained impeachable testimony and his questioning whether the proper procedures were followed is insufficient to establish error in any failure to disclose the transcript of the grand jury proceedings. *See State v. Patrick S.*, Nos. 18-0522 and 18-0937, 2019 WL 5692294, *9 (W. Va. Nov. 4, 2019)(memorandum decision) ("Petitioner fails to show that the circuit court erred in denying his request for transcripts of the grand jury proceedings because he failed to show any willful, intentional fraud by the State. Instead, petitioner merely speculates that there were errors in the grand jury proceeding."). Accordingly, petitioner was not entitled to habeas relief on this ground.

## IV.    CONCLUSION

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton