# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia ex rel. State of West Virginia,**
**Petitioner**

**v.) No. 25-760 (Mingo County CC-30-2024-F-112)**

**The Honorable Joshua Butcher, Judge of the Circuit Court**
**of Mingo County, West Virginia, and Aaron Chase Mahon,**
**Respondents**


# MEMORANDUM DECISION


Petitioner State of West Virginia seeks a writ to prohibit Respondent Joshua Butcher, Judge of the Circuit Court of Mingo County, from enforcing his July 1, 2025, order dismissing the indictment in *State v. Aaron Chase Mahon*, Mingo County docket number CC-30-2024-F-112.[1] As explained below, because the circuit court exceeded its legitimate powers by dismissing this indictment based on the court's evaluation of the sufficiency of the evidence presented to the grand jury, we grant the requested writ and prohibit the circuit court from enforcing the dismissal order. We determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for issuance of a memorandum decision rather than an opinion.

On October 8, 2024, the Mingo County Grand Jury indicted Respondent Aaron Chase Mahon (hereinafter "the defendant") for attempted first degree murder. The charge arose from an altercation between the defendant and Kenneth Ooton during which the defendant is alleged to have stabbed Ooton.

On May 20, 2025, the defendant filed a pre-trial motion to dismiss the indictment, arguing that the State's evidence at the grand jury did not support the charge of attempted first-degree murder. By order entered July 1, 2025, the circuit court granted the motion and dismissed the indictment without prejudice. The court explained that after conducting "a detailed review of the transcript of the meeting of the Grand Jury," the court concluded that the State's evidence "lack[ed] specificity" to establish probable cause that the petitioner had "feloniously, willfully, maliciously, deliberately and unlawfully [attempted] to slay, kill and murder[.]" *See* W. Va. Code § 61-2-1 (specifying elements of the crime of first degree murder); *id.* § 61-11-8 (specifying crime of attempt). The court further concluded that the indictment "fail[ed]" because the grand jury was not

---

[1] The State of West Virginia is represented by Attorney General John B. McCuskey and Assistant Attorney General Lara K. Bissett. Respondent Mahon is represented on appeal by counsel Lonnie C. Simmons.

shown the victim's medical records, the victim's drug and alcohol screens, and a video of the altercation, and the grand jury was not presented with any evidence regarding the defendant's assertions of self-defense and defense of others.

The State files this original jurisdiction petition for a writ of prohibition arguing that the circuit court exceeded its legitimate authority by dismissing the indictment based on the court's assessment of the strength of the evidence presented to the grand jury. To decide this petition, we consider the following factors:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

The State relies upon Syllabus Point 3 of *State ex rel. State v. Gwaltney*, 249 W. Va. 706, 901 SE.2d 70 (2024) ("*Gwaltney I*"), where we held that "[a] circuit court may not grant a defendant's pretrial motion to dismiss an indictment on the basis of the sufficiency of the evidence or whether a factual basis for the indictment exists." We repeated this holding in Syllabus Point 1 of *State ex rel. State v. Gwaltney*, 250 W. Va. 695, 908 S.E.2d 192 (2024) ("*Gwaltney II*"). In response, the defendant admits that the trial court and counsel were unaware of the *Gwaltney* cases. The defendant concedes that pursuant to these cases, our Court should grant the writ of prohibition and require that his indictment be reinstated.

Upon our review, we agree with the parties and conclude that the circuit court erroneously granted the pretrial motion to dismiss. The circuit court clearly erred by analyzing the evidence presented, or not presented, to the grand jury to decide that the indictment was not factually supported. This "dismissal based on evidentiary conclusions invaded the grand jury's province." *See Gwaltney I,* 249 W. Va. at 715, 901 S.E.2d at 79 (citation omitted). Although a circuit court may examine an indictment for constitutional sufficiency, the review "is limited to the face of the indictment and does not extend to any evidence supporting the indictment." *Id*. (citing Syl. Pt. 2, *State v. Wallace*, 205 W. Va. 155, 517 S.E.2d 20 (1999)). "Except for willful, intentional fraud the law of this State does not permit the court to go behind an indictment to inquire into the evidence

2

considered by the grand jury, either to determine its legality or its sufficiency." Syl., *Barker v. Fox*, 160 W. Va. 749, 238 S.E.2d 235 (1977).[2]

The circuit court's dismissal was based upon an impermissible analysis. As such, the State has satisfied the third *Hoover* factor: clear error as a matter of law. *See Hoover*, 199 W. Va. at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4. Moreover, the State has "no other adequate means, such as direct appeal, to obtain the desired relief[,]" which is the first *Hoover* factor, and the State "will be damaged or prejudiced in a way that is not correctable on appeal[,]" which is the second *Hoover* factor. *See id.; Gwaltney I*, 249 W. Va. at 716, 901 S.E.2d at 80 (granting State's petition for writ of prohibition after trial court impermissibly dismissed indictment on evidentiary grounds); *Gwaltney II*, 250 W. Va. at 701, 908 S.E.2d at 198 (same).

For the foregoing reasons, we grant the writ of prohibition to prevent the circuit court from enforcing its July 1, 2025, order dismissing the indictment.

Writ Granted.

**ISSUED:** April 21, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[2] The defendant did not allege, and the circuit court did not find, that the State engaged in fraud or other misconduct.